J. FORREST HILL, *et al.* v. C. D. KENNEDY, *et ux.*

149 So. 659.
Division B.
Opinion Filed August 2, 1933.

*T. C. Cork,* for Appellants;

*Henry L. Jollay,* for Appellee.

BUFORD, J.—Amended bill of complaint was filed to procure a decree of rescission of a contract, for cancellation of the deed and mortgage and to adjudicate a lien in favor of the vendee on the lands involved in the contract.

There was a demurrer to the bill of complaint upon the ground that the bill contained no equity. The demurrer was overruled.

The defendants filed joint and several answers, including counter claim. Motion was made to dismiss counter claim and denied.

Replication was filed to the counter claim.

By stipulation order was entered appointing a Special Master. Testimony was taken. Final decree was entered in favor of the complainant against the defendants for the full relief prayed.

The record discloses that on the 8th day of August, 1923, the complainants in the court below, who are appellees here, entered into a contract with one E. H. Moore and his wife,

Sallie Moore, and F. C. Moore and his wife, Anna Moore, whereby C. D. Kennedy contracted to purchase a certain tract of land situate in Lake County, Florida, for the sum of.$18,000.00 and the Moores contracted to sell and convey the lands to Kennedy at that price with clear and perfect title. The vendee deposited in escrow with the First State Bank of Clermont the sum of $1,000.00 in cash and four notes aggregating $17,000.00, one for $8,000.00, payable October 25, 1923, and the three remaining notes for $3,000.00 each, payable one, two and three years after date thereof with interest at the rate of seven per cent.; and also deposited in escrow with the same bank a mortgage embracing the lands involved to secure the payment of the notes. The Moores at that time deposited with the same bank a warranty deed conveying the premises to C. D. Kennedy and agreed to deliver to the said Kennedy an abstract of the property involved. The abstract was delivered; the vendee caused the abstract to be examined by his attorney and found certain alleged defects in the title. What those alleged defects were becomes immaterial here. E. H. Moore died, as did also his wife, Sallie Moore. J. Forrest Hill qualified as executor under the will of the estate of.E. H. Moore, deceased, and as administrator of the estate of Sallie Moore, deceased, and on April 17th, 1924, J. Forrest Hill with his attorney had a conference with the vendee and his attorney, in which conference it was agreed that the deed to Kennedy should be delivered by the bank and that the mortgage should be delivered to J. Forrest Hill and that the sum of $1,000.00 deposited in the bank and the sum of $8,000.00 to pay the first note which had been previously paid into the bank should be paid over to J. Forrest Hill, but that the three unpaid notes should continue to be held in escrow by the bank until the title to the land had been

cleared by suit in chancery and J. Forrest Hill undertook to immediately clear the title by suit and employed counsel to institute and prosecute the suit, but counsel, for some reason, failed to institute or prosecute the suit. On April 8, 1927, the vendee instituted this suit, with the result above stated.

The appeal is from the final decree and brings up the record.

We think the demurrer to the bill of complaint should have been sustained. We find no equity in the bill. The title had passed from the vendor to the vendee, the vendee had for three years been in possession of the property under the title and the vendors and the legal representative of the vendors were in possesssion of mortgage securing the unpaid balance of purchase price. It is true that the notes were left in the bank but they were left there under a condition that they should remain in escrow until the legal representative of the vendor had carried out his agreement to obtain a decree under which the vendee would ascertain a clear and unencumbered title to the property. Under this state of facts, the legal representative of the vendor was bound to clear the title of any material defects before he could claim right to delivery of the notes for the balance of the purchase price. Therefore, he was bound to do this before he could enforce the payment of the balance of the purchase price, but nevertheless, the contract of purchase and sale was fully executed and was no longer an executory contract. The subsequent agreement between the vendee and the legal representative of the vendor constituted a new and independent contract which required such legal representative to do and perform certain acts before he could collect the balance of the purchase price and before he could demand delivery of the notes evidencing the indebtedness

for the balance of the purchase price. The remedy of the vendee was one for specific performance of this latter contract and in default of such performance to have the notes and mortgage cancelled, but there is no ground alleged in the bill of complaint which will warrant a rescission of the executed contract and the decree for a refund of the money paid to the vendor or his legal representative by the vendee.

Therefore, the decree appealed from should be reversed with directions that the bill of complaint be dismissed. It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.